### HELLWIG *v.* BLUMENBERG *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

1. CONTRACT—CONSTRUCTION—EXCAVATING—BLASTING.
  Where plaintiff contracted to do "all the excavating" in building a house for a certain sum, and upon discovering rock it was agreed that the expense of blasting it should be borne by him and defendants equally, the settlement was a fair one, and he is entitled to recover the amount agreed on in addition to the contract price, as the term "excavating" does not necessarily include blasting.

2. MECHANICS' LIENS—CONTRACT—RATIFICATION BY OWNER.
  Though a person may not be a party to the contract for the building of a house, proof of her knowledge and approbation of the work is sufficient to subject her interest in the land on which it is built to the operation of the builder's lien.

Appeal from Westchester county court.

Action by Michael Hellwig against John H. Blumenberg and Henrietta Blumenberg, to foreclose a mechanic's lien. There was a judgment for plaintiff, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Norman A. Lawlor,* for appellants. *Walter S. Alleton,* for respondent.

PRATT, J. The principal question made on the appeal is as to the charge of $183 for blasting. The written contract was to the effect that plaintiff should do "all the excavating, grading," etc., for the sum of $674. The defendant claims that the blasting is included in the written contract under the term "excavating," and that no extra charge can be made therefor. The proof is to the effect that when the existence of a large mass of rock was disclosed this question arose between the parties. It was then agreed that plaintiff should blast the rock, and the expense thereof should be borne equally by the parties. The charge of $183 is one-half of the cost paid out by plaintiff for wages of men in blasting. We do not think that blasting rock is so clearly included in the term "excavating" as to raise any suspicion of plaintiff's good faith when at or near the beginning of his work he insisted on his interpretation of the contract. The question of interpretation was a fair one, and seems to have been settled by the parties at the time in a fair way. That settlement was properly sustained by the court below when plaintiff was allowed judgment for one-half the expense of blasting.

The objection is made that the judgment requires the interest of Henrietta Blumenberg in the premises to be sold to satisfy plaintiff's lien, when it does not appear that she was a party to the contract for the building of the house, or in any way made herself liable for the expenditure. It is to be observed that neither when the motion to dismiss was made, nor at any time during the trial, was the attention of the court called to this point. Proof of her knowledge and approbation of the work would have been sufficient to subject her interest in the land to the operation of the lien. The case does not show

that all the testimony given upon the trial is before us. It may well be that. such knowledge and approbation were shown. Judgment affirmed, with costs. All concur.